A. D. KENAMOND, Judge,
concurring in part dissenting in part.
An award in the amount of $3,509.43 has been made by a majority of this court, said amount being for $2,434.25, the unpaid remainder of the amount fixed in claimant’s contract, plus $1,075.18, for additional material furnished and extra work done by the claimant. I can concur only in awarding the unpaid remainder of the contract price, plus $93.30 for extra wiring, $112,50 for window frames, and $119.38 for windows, or $325.18 of claimant’s bill for for additional material and extra work.
There are two items in claimant’s bill for additional material and extra work — $250.00 for digging ditches, footers, etc., and $500.00 for filling 500 cubic yards of dirt inside of buildings— which I hold are unjust claims for which the Legislature should not appropriate.
The testimony in the case shows that the claimant and one of his witnesses held that the prison labor promised in the contract did not dig all the ditches, while two witnesses for the respondent held that all the digging had been done by the prison labor. The determining factor against the ditch digging claim is the statement by the claimant’s plumber (r. p. 71) that what ditches had been dug by the prison labor, and the way they were dug, were not very good; that water had run *168 into them. So, it is reasonable to assume that the undeniable and extended delay by the claimant was responsible for whatever ditching, if any, was done by the claimant.
The majority members of this court have opined that the agreement of respondent to furnish prison labor “to dig ditches, footers, etc., if needed” obligated the respondent to furnish such labor in connection with filling 500 cubic yards of dirt needed as a base for concrete floor in one of the buildings. There is nothing in the record to show that claimant ever requested such labor in connection with the filling, and the record (p. 85) further shows that Thad Boggess, the claimant’s foreman, understood that the prison labor was supposed “to do such as digging sewer ditches, water, and footings around the buildings.” If there was any parol agreement under which the claimant was not expected to dig and haul the 500 cubic yards aforementioned, the evidence in the case fails to establish it.
For the reasons set forth, I dissent from that portion of the majority opinion allowing $750.00 for the two items — digging ditches and filling dirt — in claimant’s bill for additional material and extra work.